IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY PHIPPS,

        Plaintiff,                      No. CIV S-11-0208 JAM DAD

      v.

TILECO EMPLOYEE BENEFIT       FINDINGS AND RECOMMENDATIONS
PLAN, et al.,

        Defendants.

_____/

        This matter came before the court on August 12, 2011, for hearing of plaintiff's motion for default judgment (Doc. No. 12). Brad Brereton, Esq. appeared telephonically on behalf of plaintiff Larry Phipps. No appearance was made by or on behalf of the defendants. At the conclusion of the hearing, the court directed plaintiff's counsel to file a supplemental brief addressing several issues raised by plaintiff's motion for default judgment. Plaintiff filed that supplemental memorandum of points and authorities on September 2, 2011 (Doc. No. 15), whereupon plaintiff's motion for default judgment was submitted for decision.

        After considering plaintiff's arguments and all written materials submitted in connection with plaintiff's motion, the undersigned recommends that plaintiff's motion be granted and that default judgment be entered against defendants.

/////

BACKGROUND

Plaintiff Larry Phipps was an employee of defendant Genesis Tile, Inc. ("Genesis"). On April 1, 2004, defendant Genesis instituted the Tileco Employee Benefit Plan, ("Plan"), an employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., that provided medical insurance coverage to plaintiff and his spouse.[1] Defendant Genesis was the plan administrator. From September 2008 through February 2009, plaintiff submitted several claims for benefits for medical treatments covered under the plan. On February 23, 2009, all Genesis employees were informed that plan benefits would be terminated on February 28, 2009. Plaintiff submitted claims for benefits under the plan prior to February 28, 2009, and defendants have failed to pay those claims. (Compl. (Doc. No. 1) at 2-3.[2])

Plaintiff brought this action on January 24, 2011, seeking unpaid benefits, statutory damages and attorney's fees. Jurisdiction arises under ERISA and 28 U.S.C. § 1331. Defendants were served with the summons and complaint on February 4, 2011, by substituted service. (Doc. Nos. 8 & 9.) On March 23, 2011, plaintiff requested entry of default against defendants. (Doc. No. 10.) The Clerk entered default against defendants on March 24, 2011. (Doc. No. 11.) On June 21, 2011, plaintiff filed his motion for entry of default judgment. (Pl.'s MDJ (Doc. No. 12.)) The motion included proof of service on defendants. (Pl.'s MDJ, Proof of Service (Doc. No. 12-4) at 1.) Defendants did not file opposition to plaintiff's motion and did not appear at the hearing thereon.[3]

---

[1] Plaintiff has also named the Tileco Employee Benefit Plan as a defendant in this action pursuant to Federal Rule of Civil Procedure 19 to ensure that complete relief can be granted.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[3] On September 1, 2011, plaintiff served defendants with a copy of the Clerk's entry of default judgment. (Doc. No. 14.) Defendants neither filed a response to that document nor to plaintiff's supplemental memorandum served on them that date. (Doc. No. 15 at 8.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment. Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944)); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24. See also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

### I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendants, establish the following. On April 1, 2004, defendant Genesis

instituted an employee benefit plan that provided medical benefits for plaintiff and his spouse. Plaintiff submitted several claims for benefits for covered medical treatments received between September 2008 and February 2009. Defendants failed to pay for the covered claims causing plaintiff to sustain damages.[4] On or about November 19, 2009, plaintiff sent defendant Genesis a letter requesting a copy of the plan, documents relating to his coverage and documents relating to the denied claims. Plaintiff sent similar letters on or about December 1, 2009 and January 8, 2010. Defendant Genesis did not comply with plaintiff's requests or otherwise respond.

The court finds that defendants were properly served with plaintiff's complaint and the Clerk properly entered defendants' default. Federal Rule of Civil Procedure 5, which governs the service and filing of pleadings and other papers, provides that "[n]o service is required on a party who is in default for failing to appear," except that "a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Nonetheless, plaintiff has served defendants with the Clerk's entry of default judgment, his motion for default judgment and his supplemental memorandum of points and authorities in support of entry of default judgment. Despite being served with these papers, defendants failed to respond to plaintiff's complaint or plaintiff's motion for default judgment. Nor did defendants appear at the hearing on plaintiff's motion. In short, defendants have failed to participate in this action in any way.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims. Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to defendants' failure to repay the amount owed. In light of the entry of default against defendants, there is no apparent possibility of a dispute concerning the material facts underlying

---

[4] Plaintiff's complaint alleges that the amount of his unpaid benefits is $13,192.00. However, as discussed below, plaintiff's motion for entry of default judgment and supplemental memorandum of points and authorities in support thereof establishes that this amount alleged in the complaint is incorrect.

the action.  Moreover, there is nothing to suggest that defendants' default is a result of excusable neglect.  Defendants had ample notice of plaintiff's intent to pursue entry of judgment against defendants, and have had numerous opportunities to oppose default judgment.  Although public policy generally favors the resolution of a case on its merits, defendants' failure to appear and defend against plaintiff's claims has made a decision on the merits impossible in this case.

Because the Eitel factors weigh in plaintiff's favor, the court while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendants.

II. Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.

As noted above, plaintiff's complaint alleges that he has sustained in excess of $13,192 in damages as a result of unpaid medical benefits.  Plaintiff has submitted documentary evidence in support of that allegation as part of his motion for default judgment.  (Phipps Decl., Ex. B (Doc. No. 12-2) at 5-15.)  However, a January 8, 2010 letter from plaintiff's counsel to defendants also submitted with plaintiff's motion for default judgment, states that the amount of plaintiff's unpaid medical benefits is actually $11,528.55.  (Brereton Decl. (Doc. No. 12-1) at 17-18.)  The court inquired of plaintiff's counsel regarding this discrepancy at the August 12, 2011 hearing on plaintiff's motion for default judgment, and counsel was directed to file a supplemental memorandum addressing this issue.  In his supplemental memorandum, counsel for plaintiff states that the $13,192 amount should be reduced due to a credit of $236.42 in medical expenses paid by plaintiff and $1,302.11 in "adjustments" made by the plan.  (Pl.'s Sup. Mem. (Doc. No. 15) at 3.)  Counsel asserts that when the amounts of $236.42 and $1,302.11 are subtracted from $13,192.00 the result is $11,620.16, which is the amount plaintiff now seeks.  (Id.)  Counsel's calculation, however, remains incorrect since the result of the equation set forth above is actually $11,653.47.  Moreover, the court remains unclear as to how counsel arrived at

5

an amount of unpaid benefits greater than the $11,528.55 stated in his January 8, 2010 letter to defendants.

Accordingly, upon consideration of plaintiff's briefing in support of the motion for default judgment the court will recommend that plaintiff be awarded $11,528.55 in unpaid benefits to which he is entitled. See Pope v. United States, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); Breaking the Chain Foundation, Inc. v. Capitol Educational Support, Inc., 589 F. Supp.2d 25, 28 (D. D.C. 2008) ("[W]hen moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment.").

Plaintiff also requests an award of statutory damages in the amount of $9,000 pursuant to 29 U.S.C. § 1132(c). That statute provides that a plan administrator who fails to comply with a beneficiary's request for plan information within 30 days of the request is personally liable to that beneficiary up to $100 per day.[5] (Pl.'s MDJ (Doc. No. 12) at 5.) In this regard, plaintiff's complaint alleges that plaintiff sent defendant Genesis, the plan administrator, demand letters on or about November 19, 2009, December 1, 2009, and January 8, 2010, requesting a copy of the plan, documents relating to plaintiff's coverage and documents relating to the unpaid claims, all of which went unanswered. Plaintiff alleges that he has suffered damages as a result of defendant's refusal to respond to his requests and demands. Moreover, in his supplemental memorandum in support of the pending motion plaintiff's counsel notes that although 600 days has passed since plaintiff sent his first demand letter to defendant Genesis, plaintiff is only seeking statutory damages for 90 days. (Pl.'s Sup. Mem. (Doc. No. 15) at 4.)

---

[5] The statutory maximum has since been raised from $100 to $110 per day. See LaVigna v. State Farm Mut. Auto. Ins. Co., 736 F. Supp.2d 504, 515 (N.D. N.Y. 2010).

"Whether to impose statutory penalties and the amount of those penalties . . . is discretionary." Hemphill v. Estate of Ryskamp, 619 F. Supp.2d 954, 975 (E.D. Cal. 2008). The appropriate factors to be considered include:

> 'bad faith or intentional conduct on the part of the administrator, the length of the delay, the number of requests made and documents withheld, and the existence of any prejudice to the participant or beneficiary.' . . . Other circuits have studied the role of prejudice or damages to the inquiry and have concluded that although they are often factors, neither is a sine qua non to a valid claim under [§ 1132(c)(2)].

Hemphill, 619 F. Supp.2d at 976 (quoting Romero v. SmithKline Beecham, 309 F.3d 113, 120 (3rd Cir. 2002)). In this regard, the court in Hemphill noted,

> Although an 'employer's good faith and the absence of harm are relevant in deciding whether to award a statutory penalty,' . . . , 'neither [a defendant's] good faith nor the absence of actual injury to [the plaintiff] precludes the award of a statutory penalty.' . . . [A]lthough Brown did not suffer any loss of health benefits due to the delay, she was forced to invest time, effort, and money in hiring an attorney to gain access to information that she was legally entitled to. Thus it was not an abuse of discretion for the district court to award maximum damages.

619 F. Supp.2d at 976 (quoting Brown v. Aventis Pharmaceuticals, Inc., 341 F.3d 822, 825 (8th Cir. 2003).

Here, plaintiff has been attempting to obtain plan documents since November of 2009 and, despite numerous attempts and the initiation of this action, defendant Genesis still has not provided plaintiff with those documents. Moreover, defendant Genesis has refused to appear in this action, apparently choosing to forgo any argument that its conduct was in good faith or unintentional. Accordingly, in light of these factors, the court recommends that plaintiff be awarded statutory penalties for 90 days at a rate of $100 per day pursuant to 29 U.S.C. § 1132(c), for a total award of $9,000. See Hemphill, 619 F. Supp.2d at 977 (awarding $50 a day from June 6, 1996 through September 25, 2005); see also Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 337-38 (7th Cir. 2004) (upholding award of $50 a day for 701 days); Krueger Intern., v. Blank, 225 F.3d 806, 811 (7th Cir. 2000) (upholding an award of $100 per day for 153 days);

7

Chaganti v. Sun Microsystems, No C 03-05785 CRB, 2004 WL 2677169, at *7 (N.D. Cal. Nov. 23, 2004) (awarding $12 per day for total award of $2,292 based on lack of bad faith by defendant and minimal prejudice suffered by plaintiff).

Finally, as part of the judgment plaintiff requests an award of attorney fees in the amount of $12,887.50.  (Pl.'s Sup. Mem. (Doc. No. 15) at 6.)  Counsel for plaintiff has provided a billing statement establishing that this amount is based on 60.5 hours of attorney time expended at rates of $125, $225 and $350 per hour.  (Decl. Brereton, Ex. C (Doc. No. 12-1) at 21-23.)

"Under 29 U.S.C. § 1132(g), a court in its discretion may award reasonable attorneys' fees and costs of an action by a plan participant to either party." Oster v. Standard Ins. Co., 768 F. Supp.2d 1026, 1032 (N.D. Cal. 2011).  A plan participant who prevails in his suit under § 1132 "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotations omitted).  See also Hardt v. Reliance Standard Life Ins. Co., --- U.S.---, ---, 140 S. Ct. 2149, 2158 (2010) ("Accordingly, a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1).") (internal quotation omitted); Boston Mut. Ins. v. Murphree, 242 F.3d 899, 904 (9th Cir. 2001) ("We ordinarily grant a prevailing beneficiary in an ERISA action reasonable attorneys' fees and costs, absent special circumstances cautioning against it.").

In exercising the discretion to award attorney fees under § 1132(g), district courts should consider the following factors among others:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

Oster, 768 F. Supp.2d at 1032 (quoting Hummell v. S. E. Rykoff & Co., 634 F.2d 446, 453 (9th

1   Cir. 1980). Here, the court concludes that those factors weigh in favor of awarding plaintiff
2   attorney's fees. As noted, defendants have refused to appear in this action to address their
3   culpability or bad faith, or their ability to satisfy an award of fees. Moreover, an award of
4   attorney's fees is a way of deterring violations of ERISA. See Oster, 768 F. Supp.2d at 1033.
5   Finally, upon entry of default, the complaint's factual allegations will be taken as true and those
6   allegations establish defendants' liability.

7          Having found that plaintiff is entitled to attorney's fees, the undersigned must
8   determine the amount of fees to be awarded. "In ERISA cases, attorneys' fees to a prevailing
9   plaintiff are determined by a lodestar analysis, multiplying the number of hours reasonably
10  expended on the matter by a reasonable hourly rate." Id. at 1034. See also Hensley v. Eckerhart,
11  461 U.S. 424, 433 (1983); D'Emanuele v. Montgomery Ward & Co., Inc., 904 F.2d 1379, 1383
12  (9th Cir. 1990) overruled on other grounds by Burlington v. Dague, 505 U.S. 557 (1992).

13         At the outset, the court notes that counsel for plaintiff has failed to address
14  whether the number of attorney hours claimed were reasonably expended in this matter nor
15  whether the hourly rates sought are reasonable. With respect to the claimed hours expended, the
16  undersigned finds 60.5 hours of attorney time unreasonable. Counsel for plaintiff drafted a six-
17  page complaint, a five-page request for entry of default, and a six-page motion for default
18  judgment (excluding exhibits). In light of the substance and context of the legal work involved,
19  twenty hours of attorney time appears to the court to be reasonable.[6] See, e.g., Board of Trustees
20  of the Sheet Metal Workers Health Care Plan of Northern California v. Kym Mechanical, No. C
21  09-05944 RS, 2010 WL 3749409, at *3 (N.D. Cal. Sept. 23, 2010) (finding 8.45 hours of
22  attorney time "is a reasonable number in a case that required only preparation of a complaint and
23  a supportable motion for default judgment."); Crosthwaite v. John D. Baker Const. Co., No. C

---

[6] The court also notes that some of the hours plaintiff's counsel seeks to be compensated for cannot be characterized as hours reasonably expended in this civil action, including claimed attorney time spent "researching defendant's bankruptcy" and "signing Brad up for Eastern District filing." (Decl. Brereton, Ex. C (Doc. No. 12-1) at 21.)

1  09-6064 RS, 2010 WL 2673048, at *3 (N.D. Cal. July 2, 2010) (finding 40.6 hours unreasonable
2  and awarding fees only with respect to 20 hours of attorney time in a factually and procedurally
3  similar case); Bay Area Painters v. Alta Specialty, No. C06-06996 MJJ, 2008 WL 114931, at *6
4  (N.D. Cal. Jan. 10, 2008) (rejecting as excessive a claim of 14 hours of legal work in factually
5  and procedurally similar case).

6  With respect to the reasonable hourly rate, "the starting point for calculating
7  attorney's fees is 'the prevailing market rate[ ] in the relevant community.'" United Steelworkers
8  of America v. Retirement Income Plan For Hourly-Rated Employees of ASARCO, Inc., 512 F.3d
9  555, 564 (9th Cir. 2008) (quoting Bell v. Clackamas County, 341 F.3d 858, 860 (9th Cir. 2003).
10 The court must also consider "'the experience, skill, and reputation of the attorney requesting
11 fees.'" Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting
12 Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

13 Here, while counsel for plaintiff has failed to provide this court with any argument
14 or legal authority in support of his requested hourly rate, he has filed a declaration stating that he
15 has been a civil litigator for over 27 years in both state and federal courts. (Brereton Decl. (Doc.
16 No. 12-1) at 3.) Given counsel's level of experience, the undersigned finds a rate of $300 per
17 hour to be a reasonable market rate. See Jones v. County of Sacramento, No CIV S-09-1025
18 DAD, 2011 WL 3584332, at *9 (E.D. Cal. Aug. 12, 2011) (finding rate of $350 per hour to be
19 reasonable market rate for an attorney with considerable experience and expertise in a very
20 specialized area of litigation); Trustees of the Operating Engineers Pension Trust v. Munson
21 Plumbing, Inc., No. EDCV 10-00970 VAP(OPx), 2011 WL 245732, at *5 (C.D. Cal. Jan. 21,
22 2011) (finding reasonable hourly rate of up to $280.00 per hour in ERISA matter); Trustees of
23 Bakery and Confectionery Western Conference Dental Fund v. Neldam's Danish Bakery Inc.,
24 No. C 07-5095 SI, 2008 WL 1743478, at *2 (N.D. Cal. Apr. 15, 2008) (finding rate of $300 an
25 hour reasonable in ERISA matter); see also United Steelworkers of America v. Retirement
26 Income Plan For Hourly-Rated Employees of ASARCO, Inc., 512 F.3d 555, 565 (9th Cir. 2008)

(approving rate of $300 per hour in an ERISA action).

Accordingly, for the reasons stated above, the court recommends that as part of the judgment in this action plaintiff be awarded attorney's fees for 20 hours of attorney time at a rate of $300 per hour for a total attorney's fee award of $6,000.

In summary, the undersigned will recommend that plaintiff be awarded judgment in the total amount of $26,528.55, which includes $11,528.55 in unpaid benefits, $9,000 in statutory penalties pursuant to 29 U.S.C. § 1132(c), and $6,000 in attorney's fees.

## CONCLUSION

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's June 21, 2011 motion for default judgment (Doc. No. 12) be granted;

2. Default judgment in the amount of $26,528.55 be entered against defendants Tileco Employee Benefit Plan and Genesis Tile, Inc., and in favor of plaintiff Larry Phipps; and

3. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 28, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\phipps0208.mdj.f&r